# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01364

JOT LABS, LLC,

                Plaintiff,

v.

ONEBY COFFEE, INC.

                Defendant.

---

## DEFENDANT ONEBY COFFEE, INC.'S
## MOTION TO DISMISS JOT LABS, LLC'S COMPLAINT

---

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant OneBy Coffee, Inc. ("OneBy"), through their undersigned counsel, hereby moves to dismiss the complaint of Plaintiff Jot Labs, LLC ("Jot") in its entirety.  This motion is made on the grounds that Jot's allegations in the complaint, including the exhibits thereto, do not support its four claims.

Jot's trade dress claim fails because Jot does not identify any protectible trade dress.  The purported trade dress is not distinctive, has no secondary meaning and is functional.  Further, Jot has not alleged facts to support a likelihood of confusion because, among other reasons, there is an absence of similarities between the parties' packaging, branding and website.  The alleged similarities are generic, unprotectable phrases like "refrigerate after opening" or "ingredients: water, coffee."

Jot's trademark infringement claim fails because there are no allegations that OneBy used Jot's trademarks or anything even remotely similar to them.  Given the absence of use, Jot has not, and cannot, allege facts to establish a likelihood of confusion.

Jot's two unfair competition claims (one under Colorado common law and one under the Lanham Act) fail for the same reasons as its trade dress and trademark claims.

This motion is based upon the attached memorandum of points and authorities and supporting papers, including the affidavit of Charles E. Weir and the exhibits attached thereto, and such other materials, legal memoranda and oral argument as may be presented.

Dated: June 10, 2021                                   MANATT, PHELPS & PHILLIPS, LLP


                                                       By:  /s/ *Charles E. Weir*
                                                            Charles E. Weir
                                                            2049 Century Park East, Suite 1700
                                                            Los Angeles, CA 90067
                                                            Telephone: (310) 312-4000
                                                            Facsimile: (310) 312-4224
                                                            Cweir@Manatt.com

                                                            Attorneys for Defendant,
                                                            OneBy Coffee, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.      **INTRODUCTION**

Cloaked as an effort to protect trademarks and trade dress, this case is nothing more than a meritless effort to use litigation to harm a fledgling competitor in the concentrated coffee market.  In a trademark infringement case, one would expect the defendant actually used the plaintiff's trademark.  Here, there is nothing of the sort.  Plaintiff is called "Jot" and uses a mark that combines its name and a coffee stain that looks like a rabbit.  Defendant is called "OneBy Coffee" and uses a completely different mark that has nothing to do with Jot, a coffee stain or a rabbit.  Thus, not only are there no facts to support the likelihood of consumer confusion between the two brands, but no alleged use of the Jot trademarks by OneBy.

Jot's trade dress claims are equally as flawed.  The very pictures in Jot's complaint make plain that OneBy is not using Jot's packaging or bottling.  The bottles themselves are different sizes and shapes.  The labels contain different trademarks, wording, printing and markings. Undeterred in its efforts to harm a competitor via meritless litigation, Jot reaches for absurd similarities.  For example, Jot asserts that both bottles contain "refrigerate after opening" instructions, have ingredients of "coffee and water" and state that both companies are from Boulder, CO.  There is nothing distinct about Jot's bottle and generic phrases—some of which are mandated by food labeling laws—and such functional components are not protectable trade dress.  There are also no facts alleged that establish a likelihood of confusion related to the parties' respective trade dress.  In short, Jot improperly seeks to stifle competition and secure a monopoly on concentrated coffee in glass bottles via trade dress laws.

Jot's effort to rely on the parties' respective websites to manufacture a trade dress claim also fails.  Again, OneBy's website makes no mention of Jot and does not use the Jot trademark,

or anything similar, in any way.  Perhaps this is why Jot does not include the two parties' websites as exhibits to its Complaint.  Again, Jot tries to invent similarities by pointing to completely unprotectable components like a three-tiered discounting structure and the fact that the "Product name is upper left corner (left column)."  To state the obvious, Jot does not have a monopoly on providing discounts for buying more product or placing a product name in the "upper left corner" of a webpage.  Again, there are also no allegations that Jot's website components are distinctive.  Nor are there any allegations that support a likelihood of consumer confusion arising from the websites at all, let alone the purported "similarities" like OneBy putting its completely different trademark "in the upper left corner" of its webpage.  Like Jot's packaging trade dress claims, Jot's trade dress website claims also fail.[1]

Jot does not have a monopoly on concentrated coffee products and cannot try to create one via trade dress claims.  This case is merely an effort by Jot to bully a new competitor out of the market by trying to hamstring it with the burden of litigation.  This case should be dismissed.

## II.   JOT'S COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

### A.   History of the Parties and Their Products

Jot and OneBy are both new companies that sell concentrated coffee products.  (Comp. ¶¶ 5, 11).  Jot claims that it "constructively began to market and sell" its ultra-coffee on June 17, 2019.  (*Id.* at ¶ 6).  The June 17, 2019 date refers to the date Jot filed for trademark protection, as Jot has only been selling its products and using its trademark and trade dress in commerce for slightly over a year.  (*Id.* at ¶ 18 (indicating first physical sale in April 2020); Ex. 4 (Jot Trademark registration indicating application filing on June 17, 2019 and first use of mark in

---

[1] Jot's unfair competition under the Lanham Act and under Colorado common law have the same elements as the trademark and trade dress claims and fail for the same reasons.

commerce on March 25, 2020)).  OneBy began to market and sell its concentrated coffee in December 2020—not February 2021, as Jot incorrectly alleges in its complaint.  (*Id.* at ¶ 11).

Jot alleges that it has a "proprietary extraction process" and that it sources coffee beans from "organic, fair trade farms in premier coffee growing regions." (*Id.* at ¶ 5).  Jot also alleges that its product is to be consumed one tablespoon at a time.  (*Id.*).  The complaint contains a number of paragraphs and attaches three articles making positive claims about Jot's coffee, including that it tastes good.  (*Id.* at ¶ 5 – 9; Exs. 1, 2, 3).  All of the articles were published within the first few months after Jot's product launch and, for at least two, Jot paid a commission.  (Ex. 1., p. 1 (stating that the author receives revenue for purchases of Jot); Ex. 2, p. 1 (stating that the author may receive commission payments for Jot purchases)).[2]

Jot alleges that Tim Oringer, OneBy's CEO, purchased Jot's product multiple times from May 17, 2020 through November 23, 2020.  (*Id.* at ¶ 10).  Given the pictures in the complaint, it is clear that Jot also made purchases of OneBy's product.  (*Id.* at ¶ 34).

B.    The Parties' Respective Trademarks.

The parties use completely different trademarks and branding.  Jot attaches registration certificates for the following three federally registered trademarks.  (*Id.* at Exs. 4 – 6).



None of Jot's purported trade dress is registered.  While Jot brings a trademark infringement claim under section 1114 of the Lanham Act, Jot does not, because it cannot, allege

---

[2] The third article is from an online blog called "thedieline.com."  Unlike the other two, the article and the complaint are silent as to whether the blog post was unsolicited or paid for by Jot.

that OneBy has ever used any of Jot's trademarks. (*Id.* at ¶ 34).  OneBy uses the following

dissimilar trademark and branding on its products.  (*Id.* at ¶ 34).[3]

        

C.      The Parties' Product Packaging

The complaint includes photos of the parties' respective bottles and labels. (*Id.* at ¶ 34).

        

The bottles are different sizes – Jot's is 200 ml and OneBy's is 250 ml.  (*Id.*).    The pictures

show that the size and shape of the cap are different, but Jot alleges that both bottles are sealed

with a "dark brown sealed cap." (*Id.*).  Jot alleges that you can fit both bottles "in the palm of

your hand."  (*Id.*).

While the fonts are also different, Jot alleges they are actually similar because they are

both "stylized fonts."  (*Id.*).  In an effort to concoct what Jot claims is a "striking similarity" in

packaging, Jot identifies five portions of packaging text in a chart.  For each element, the text is

plainly different.  The elements all relate to basic instructions for use, ingredients, refrigeration

---

[3] OneBy has a pending trademark application for the word mark "ONEBY COFFEE."

requirements, volume of the product and distribution location of the party.  (*Id.*).  There is no

allegation that any of OneBy's statements on its packaging are false.

Other factual allegations related to Jot's product packaging were limited to the opinions

expressed in articles stating that the color combinations were "pleasing," the font was "calming,"

its font was "energetic" and the opening of the bottle is "clean and pours easily."  (*Id.* at ¶¶ 7, 9).

Other than a couple conclusory assertions, there are no actual facts alleged regarding Jot's "small

brown bottle" or its packaging in general having any secondary meaning in the market.  (*Id.*).

        D.        <u>The Parties' Websites and Pricing</u>

Jot does not actually include either parties' full webpage as screen shots or exhibits to the

complaint.  Despite providing virtually no detail about its website, Jot makes the conclusory

assertion that the overall "look and feel" of its website has acquired "secondary meaning."  (*Id.*

at  ¶¶ 21, 22).  With respect to OneBy's website, Jot does not allege, because it cannot allege,

that OneBy uses any Jot trademarks or mentions Jot in any way.  Like the packaging claims,

even a cursory review of Jot and OneBy's website reveals an absence of similarities.  Jot's

website can be found at https://jot.co and an archived version of its website from January 26,

2021 can be found at https://web.archive.org/web/20210126012002/https://jot.co.  (Weir Aff.

¶3).  OneBy's website can be found at https://oneby.co and an archived version from March 27,

2021 can be found at https://web.archive.org/web/20210327202623/http://www.oneby.co. (Weir

Aff. ¶5).   Screen shots of the top of the landing page of the archived versions of the websites are

below.  (Weir Aff. Ex. 2, 4).[4]

---

[4]  A complete version of the archived and current websites can be found at the web links
indicated.  Screen shots of the opening pages are provided for ease of reference.

 

Despite no mention of Jot or its trademarks and plainly different website content, Jot claims the websites are "nearly identical" and points to a chart comprised of supposed similarities. (*Id.* at ¶ 35). The purported similarities are generic layouts, words and phrases. For example, on the "purchase page" Jot claims (as of April 18, 2021) that both websites used "2 columns, featuring a cream-colored column at left and a white column at right" and "product name is upper left corner (left column)." (*Id.*). Jot also apparently complains that OneBy uses a button that says, "Buy Now." (*Id.*). While omitting the vast majority of the two webpages, the chart is accompanied by partial screenshots of Jot's and OneBy's "purchase pages" from before April 18, 2021.[5] (*Id.*). Comparing these partial screen shots reveals that the language, font, and pricing contained in the websites are not at all the same. (*Id.*)

E.      Jot's Causes of Action

Based on the above allegations, Jot brings claims for trade dress infringement under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), Unfair Competition under Section 43(a)

---

[5] Further evidence that this suit is only designed to harass OneBy, Jot has to qualify its complaint with the April 18, 2021 date because the elements of OneBy's website about which it complains are no longer even on the site.

of the Lanham Act (15 U.S.C. § 1125(a)), Trademark Infringement under Section 32 of the

Lanham Act (15 U.S.C. § 1114), and Common Law Unfair Competition under Colorado law.

Jot seeks a laundry list of questionable injunctive relief, the effect of which would be to

shut down OneBy for some period of time.  (*Id.* at p. 26).  Jot does not allege any amount of

damages, claiming instead that its damages are "unclear."  (*Id*. at ¶ 38).

## III.   ALL OF JOT'S CAUSES OF ACTION MUST BE DISMISSED

A complaint must have a "short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[A] plaintiff's obligation to provide the 'grounds'

of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550

U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the

speculative level."  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Though a court must accept all well-pleaded allegations as true for purposes of a 12(b)(6)

motion, the Court need not accept as true allegations that are conclusory in nature.  *Erikson v.*

*Pawnee County Bd. Of County Comm'rs*, 263 F.3d 1151, 1154-1155 (10th Cir. 2001).

"Conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1109-1110 (10th Cir. 1991).

In evaluating the sufficiency of a complaint, the Court may look at the complaint itself

and any properly considered documents, including those attached as exhibits.  *Oxendine v.*

*Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).  "Mere legal conclusions and factual allegations

that contradict such a properly considered document are not well-pleaded facts that the court

must accept as true." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).  Further, where a document is central to a plaintiff's complaint and is referred to in the complaint, the court may consider an indisputably authentic copy of the document in resolving the motion to dismiss.  *Utah Gospel Mission v. Salt Lake City Corp.,* 425 F.3d 1249, 1253-54 (10th Cir. 2005); *Dean Witer Reynolds, Inc. v. Howsam,* 261 F.3d 956, 961 (10th Cir. 2001).  Here Jot makes the two websites of the parties central to its trade dress claim.  The Court can and should consider the actual content of those websites in this motion.[6]

Jot's complaint does not plausibly state a claim for relief.  Indeed, as discussed herein, the allegations in the complaint, its exhibits and documents referenced in the complaint establish that each of Jot's causes of action should be dismissed.

A.      Jot Fails to Plead Trademark Infringement

The elements of trademark infringement under the Lanham Act are: (1) a reproduction, copy, or colorable imitation of a registered trademark, (2) that is used in commerce, (3) in connection with the sale, distribution, or advertising of a good or service, and (4) such use is likely to cause confusion, mistake, or deception.  15 U.S.C. § 1114(1)(a); *Motherlode Provisions, LLC v. Bouilli, Inc.*, 2017 WL 11547020, at *3 (D. Colo. July 24, 2017).  Jot fails to plead any of the elements of trademark infringement.

1.      OneBy is Not Using Any Jot Trademarks

While the hallmark of trademark infringement claims is typically an analysis of the likelihood of confusion element, here, Jot cannot even allege that OneBy is using any Jot trademarks or a "colorable imitation" thereof.  Indeed, the photos of OneBy's packaging and

---

[6]  The existence of a website and the content that it displays is also subject to judicial notice. *O'Toole v. Northrop Grumman Corp*., 499 F.3d 1218, 1225 (10th Cir. 2007) (holding that judicial notice of the content of a website is common and proper).

website included in the complaint show exactly the opposite.  As discussed above, the Jot

trademarks are comprised of the word mark "Jot" and a coffee stain in the shape of a rabbit.

(Compl. Exs. 4 - 6).  OneBy's trademark and branding is completely different and has nothing to

do with the word Jot, a coffee stain or a rabbit.  OneBy uses the words "OneBy" in a cursive

script placed at an angle.  OneBy also uses "OneBy Coffee" with the same cursive script over

block text of the word "coffee."  (Compl. ¶ 34).  There are simply no facts alleged that OneBy is

using any Jot trademarks on its packaging, website or otherwise.  OneBy's trademark

infringement claim must be dismissed.

2.    <u>Jot Has Not Alleged A Likelihood of Confusion</u>

The Tenth Circuit uses a six-factor test to analyze the likelihood of confusion element.

The six factors are:  "(1) the degree of similarity between the marks; (2) the intent of the alleged

infringer in adopting its mark; (3) evidence of actual confusion; (4) similarity of products and

manner of marketing; (5) the degree of care likely to be exercised by purchasers; and (6) the

strength or weakness of the marks."  *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 978 (10th

Cir. 2002).  While no one factor is dispositive, the degree of similarity is the most determinative.

*Affliction Holdings, LLC v. Utah Vap or Smoke*, LLC, 935 F.3d 1112, 1115 (10th Cir. 2019)

(holding that "the degree of similarity is the most important factor").

A majority of these factors, including the similarity of the marks, are suitable for analysis

at the motion to dismiss stage.  *Motherlode Provisions, LLC*, 2017 WL 11547020, at *4 (holding

that similarity of the marks, similarity of the products, manner of marketing, degree of care

exercised by purchasers and the strength of the mark can all be assessed at the motion to dismiss

stage).  Jot does not plausibly allege a likelihood of confusion between the OneBy and Jot marks.

The *Motherlode Provisions* case is particularly instructive.  The case involved Motherlode Provisions, a maker of cocktail mixers and condiments, and Smugglers, a brew pub. Each of the parties' trademarks used a similar image of a prospector.




The Court held that the allegations failed to establish a likelihood of confusion.  Since the two marks were part of the pleadings, the Court analyzed the marks themselves and rejected the plaintiff's assertions that they were "virtually identical."  *Id.* at *5.  In particular, the Court analyzed whether the two marks were similar in "sight, sound and meaning."  *Id.*  Finding that the lack of similarity indicated a likelihood of confusion was not plausible, the trademark claims were dismissed with prejudice.  *Id.*

The likelihood of confusion allegations here are even more attenuated than in *Motherlode Provisions*.  At least in that case, there was the common element of a prospector.  As discussed above, OneBy is not using any of the elements of Jot's trademarks.  There is no similarity in sight, sound or meaning between the Jot and OneBy marks.  Other than a conclusory assertion that a likelihood of confusion exists, Jot alleges no facts that explain how two completely different trademarks can lead to consumer confusion.  Jot's trademark infringement claim must be dismissed for this additional reason.

B.    <u>Jot's Trade Dress Claim Fails</u>

To obtain relief for trade dress infringement under § 43(a), a plaintiff must plead and prove: (1) the trade dress is inherently distinctive or has become distinctive through secondary meaning; (2) there is a likelihood of confusion among consumers as to the source of the competing products; and (3) the trade dress is nonfunctional. *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1147 (10th Cir. 2016); 15 U.S.C. § 1125(a)(3). In addition, a plaintiff must "articulat[e] the specific elements which comprise its distinct dress." *Forney Industries, Inc. v. Daco of Missouri, Inc.*, 835 F.3d 1238, 1252 (10th Cir. 2016) (noting that a purported trade dress must "satisfy the articulation requirement for a protectable mark"). Jot's trade dress claim relates to its bottle and its website. Jot fails to properly allege multiple required elements of its trade dress claim.

1.    <u>Jot Does Not Specifically Identify its Trade Dress</u>

A plaintiff must be able specifically identify any claimed trade dress. There are multiple reasons for this requirement, including providing notice to the market as to the scope of the plaintiff's trade dress rights. *Forney Industries, Inc.*, 835 F.3d at 1252. A plaintiff seeking trade dress protection of unregistered trade dress must do more to specifically identify the elements of its trade dress than point to its "overall look." *Id.* A plaintiff "needs to clearly define the specific elements that constitute the trade dress; a general description of the site is insufficient." *Bryant v. Matvieshen*, 904 F.Supp.2d 1034, 1046 (E.D. Cal. 2012); *Salt Optics, Inc. v. Jand, Inc.*, 2010 WL 4961702, at *5(C.D. Cal. Nov. 19, 2010) ("[M]ere cataloguing of [the] website's features does not give defendants adequate notice of a plaintiff's trade dress claim.").

Jot does not identify with any specificity what it is claiming constitutes protectable trade dress. Jot merely alleges that it spent money on promotion and that "the overall look and feel of

13

its products and website (collectively, the "Jot IP") have become associated in the minds of the relevant consuming public with Jot Labs."  (Compl. ¶ 21).  The complaint is virtually devoid of any information about Jot's website.  Jot did not even bother to include screen shots of its full website.  The only actual content from the website relates solely to the purchase page of the website that identifies sales offerings of one, two or three bottles.  (*Id.* ¶ 20).  While Jot at least includes a picture of its bottle and identifies its height and volume, it provides no detail about what it claims is distinct trade dress.  (*Id.* ¶ 20, 34).  Jot's "overall look" allegations are exactly the type of allegations that have been held to be insufficient to identify trade dress.[7]

### 2.    There is Nothing About Jot's Purported Trade Dress That is Distinctive

To satisfy this requirement, plaintiff must show "either (a) that [the] trade dress features (or feature) are inherently distinctive because their intrinsic nature is such as to almost automatically tell a customer that they refer to a brand, or (b) that the trade dress has become distinctive through acquisition of secondary meaning, so that its primary significance in the minds of potential consumers is no longer as an indicator of something about the product itself but as an indicator of its source or brand."  *Savant Homes, Inc.*, 809 F.3d at 1147 (quoting *Vornado Air Circulation Sys., Inc. v. Duracraft Corp.*, 58 F.3d 1498, 1502 (10th Cir. 1995) (quotations omitted)).  The Supreme Court has considered the issue of distinctiveness according to five categories: generic, descriptive, suggestive, arbitrary and fanciful.  *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992).  Suggestive, arbitrary or fanciful trade dress may

---

[7]  In attempting to concoct similarities between Jot and OneBy's packaging, Jot does list more specific elements from its website and bottle.  But, Jot appears to be claiming trade dress protection for elements beyond those specific words or phrases.  And, more importantly, as discussed below, none of the supposed similarities between certain discrete phrases are protectable elements.

be inherently distinctive.  Descriptive trade dress is not inherently distinctive, but may acquire distinctiveness through secondary meaning.  *Id.*  Generic trade dress is never distinctive.  *Id.* "Because a generic trade dress or trademark can never be source-identifying, it receives no protection."  *Savant Homes, Inc.,* 809 F.3d at 1148.  "Conclusory use of the word 'distinctive,' absent any factual allegations, is insufficient to adequately allege inherent distinctiveness." *Domo, Inc. v. Grow, Inc.*, 2018 WL 2172937, at *3 (D. Utah 2018).  Jot does not allege any facts that support the distinctiveness of its trade dress.  Indeed, its allegations establish the opposite.

While Jot is vague about exactly what it is seeking trade dress protection for, Jot fails to allege why any element of its packaging or website is distinctive in any way, let alone sufficient to be suggestive, arbitrary or fanciful such that it identifies the producer.  With respect to its bottle, Jot describes it as clear glass, 5.8 inches tall, containing 6.8 ounces of liquid and that it fits in the palm of one's hand.  (Compl. ¶ 20, 34).  The lettering is in "cafe-latte-black-white color."  (*Id.* ¶ 20).  Colors are not distinctive.  *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 212(2000) ("[W]ith respect to at least one category of mark—colors—we have held that no mark can ever be inherently distinctive.").  A standard round clear bottle of 5.8 inches and holding 6.8 ounces is not either.  *See e.g. Sazerac Co. v. SKYY Spirits, Inc.*, 95 F.3d 53 (5th Cir. 1996) (rejecting trade dress claim related to vodka bottles because the size and shape was not distinctive).  There are no allegations in the complaint explaining why any of these elements are distinct in any way.

Nor are there any allegations to support the distinctive nature of any of the label text Jot complains about.  (Compl. ¶ 34).  Indeed, the identified similarities between the packaging are plainly generic phrases or instructions.  For example, there is nothing distinctive about including the phrases "refrigerate after opening" or "Ingredients: Water, organic coffee" on a label.

Claims related to Jot's website suffer from the same problems.  There is nothing in the complaint explaining why any aspect of Jot's website is distinctive.  Again, as with the packaging, the elements Jot complains about are plainly generic.  For example, Jot complains about background colors ("a cream-colored column at left and a white column at right"); location of product name ("Product name in upper left corner"); and a "Buy Now" button with a yellow background.  There are no allegations explaining how a button that says "Buy Now" is distinctive or why anyone would attribute the existence of that element to Jot.

Given the absence of any inherent distinctiveness, to succeed on its trade dress claim, Jot would have to allege facts that establish the existence of secondary meaning in elements of its purported trade dress.  *Savant Homes, Inc.*, 809 F.3d at 1147.  Jot alleges no facts that establish any Jot trade dress element has developed secondary meaning in the marketplace.

3.    Jot's Purported Trade Dress is Functional

Jot also fails to allege that its purported trade dress is nonfunctional.  "[T]he issue of functionality turns on whether protection of the combination would hinder competition or impinge upon the rights of others to compete effectively."  *Hartford House Ltd. v. Hallmark Cards, Inc.*, 846 F.2d 1268, 1273 (10th Cir. 1988).

Jot is seeking to accomplish exactly what the trade dress laws seek to preclude with the functionality element: a monopoly in the concentrated coffee space via trade dress law.  Concentrated coffee is a food product.  As such, the FDA requires certain disclosures on the product label.  This includes, among other items: the ingredients, the amount of the product in the packaging, and the location of the producer.  21 C.F.R § 101.3(a)("The principal display panel of a food in package form shall bear as one of its principal features a statement of the identity of the commodity."); 21 C.F.R § 101.5(a)("The label of a food in packaged form shall

16

specify conspicuously the name and place of business of the manufacturer, packer, or distributor."); 21 C.F.R § 101.7(a)("The principal display panel of a food in package form shall bear a declaration of the net quantity of contents.").  For perishable items that must be refrigerated after opening, the label should so state.  These elements are the "similarities" that Jot points to for its trade dress infringement claim.  To state the obvious, Jot cannot seek trade dress protection for label content required by law.  Moreover, instructions on how the product works – i.e. use one tablespoon with 8 oz of some liquid – are also functional.  (Compl. ¶ 34).

The bottles themselves are also functional as they serve as a container for the product. "[P]roduct features such as a bottle design or choice of label color are functional and not protectable if they are the reason the device works, irrespective of available alternative designs, or if one maker's exclusive use of the feature would put competitors at a significant disadvantage." *Laboratorios Pisa S.A. De C.V. v. PepsiCo, Inc.,* 2021 WL 783854, at *2 (S.D. Tex. Feb. 27, 2021).  Jot admits that OneBy's bottle is a different size and shape, but still seeks to preclude its use.  (Compl. ¶ 34).  Barring OneBy from putting its product in glass bottles would put it at a competitive disadvantage. Jot alleges nothing to the contrary.

Jot also fails to allege that the website elements complained about are nonfunctional.  For example, the "Buy Now" button is plainly a functional component in the sales process.  Yet, there are no allegations explaining why this button is not functional.  "Simply making a conclusory statement that its 'features constitute a design choice not driven solely by function' is not sufficient to meet the *Iqbal* standard under Rule 12(b)(6)." *Domo, Inc. v. Grow, Inc.*, 2018 WL 2172937, at *5 (D. Utah 2018).

4.    <u>Jot Has Not Alleged a Likelihood of Trade Dress Confusion</u>

As with its trademark claims, Jot has failed to plead a likelihood of confusion regarding its purported trade dress.  "[A] plaintiff must show that potential customers are likely to be confused by the defendant's trade dress into thinking that the defendant is affiliated, connected or associated with the plaintiff or that the defendant's goods originated with, or are sponsored or approved by the plaintiff."  *Vornado Air Circulation Sys., Inc.*, 58 F.3d at 1503.  In determining whether a likelihood of confusion exists, the same six factors that apply to the likelihood of confusion for a trademark apply to trade dress.  *Gen. Motors Corp. v. Urb. Gorilla, LLC*, 500 F.3d 1222, 1227 (10th Cir. 2007).  Again, similarity is the most important factor.  And, for the same reasons as trademark infringement, the majority of the factors can be analyzed on a motion to dismiss.  *Motherlode Provisions, LLC*, 2017 WL 11547020, at *4.  Just like Jot's trademark claims, Jot does not allege any facts to support its conclusory assertion of potential confusion.  Moreover, given the lack of similarity between the packaging and branding, Jot will never be able to plausibly allege a likelihood of confusion regarding its trade dress.

The bottles, like the trademarks themselves are not even remotely similar.  The labeling is different, the text is different and the bottle size and shape are different.  (Compl. ¶ 34). There is simply no plausible way for Jot to plead confusion where the purposed trade dress is so fundamentally dissimilar.  *Motherlode Provisions, LLC*, 2017 WL 11547020, at *5.

While none of the supposed "similarities" between Jot and OneBy's respective websites constitute protectable trade dress, there are also no allegations establishing any likelihood of confusion arising from the websites or any of their components.  Jot avoids pleading facts about or including the content of its website because the absence of similarity is obvious.  (*compare*

https://oneby.co to https://jot.co; Weir Aff. Exs. 1–4).  Instead, Jot relies on conclusory

assertions of "confusion" with no facts supporting the claim or the six confusion factors.

For the few specific website elements Jot does identify, any claimed confusion cannot

meet the plausibility standard.  No consumer seeing a "Buy Now" button on OneBy's website

would be confused into believing they were really buying Jot's products, and no facts are alleged

explaining why they would be.  The same can be said for the column format, yellow background

and volume price discounts that Jot complains about.  (Compl. ¶ 34).  The reason for the

omission is obvious: Jot does not have a monopoly on the use of a yellow background or a button

that says "Buy Now."  No consumer associates those items with any particular product, let alone

Jot's.  Jot's trade dress claims should be dismissed for this additional reason.

C.     Jot's Lanham Act and Common Law Unfair Competition Claims Fail

Relying on exactly the same underlying facts as its trademark and trade dress claims, Jot

claims that OneBy violated section 43(a) of the Lanham Act by falsely designating the origin of

its products in a manner that is likely to cause confusion as to the origin or sponsorship of the

goods.  (Compl. ¶ 46).  Where  a claimed "false designation" arises from alleged trademark and

trade dress infringement, the elements of a claim of unfair competition under section 43(a) of the

Lanham Act and trademark infringement under the Lanham Act are nearly identical.  *Utah

Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir.

2008); *Motherlode Provisions, LLC*, 2017 WL 11547020, at *3.  Since Jot has failed to plead a

viable claim for trademark or trade dress infringement, its unfair competition claim fails as well.

The same is true for Jot's claim for unfair competition under Colorado common law.  The

elements of common law trademark infringement in Colorado are virtually indistinguishable

from those required to provide trademark infringement under the Lanham Act.  *Donchez v.*

*Coors Brewing Co.,* 392 F.3d 1211, 1219 (10th Cir. 2004).  Common law unfair competition arises when a defendant uses an identical or similar trademark where (1) "the trade name 'acquired a secondary meaning or significance that identifies the plaintiff,'" and (2) "'the defendant must have unfairly used the name or a simulation of it against the plaintiff.'" *HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*, 805 F. Supp. 2d 1115, 1124 (D. Colo. 2011) (citing *Swart v. Mid-Continent Refrigerator Co.*, 145 Colo. 600, 604 (1961)).  Similar to federal trademark law, "[t]he test in Colorado is whether the public is likely to be deceived." *Wood v. Wood's Homes, Inc.*, 33 Colo.App. 205, 291(1974).  As discussed above, Jot has not, and cannot plead that OneBy used Jot's trademarks or that consumers are likely to be confused. Jot's Colorado common law claims must be dismissed.

## IV.   <u>CONCLUSION</u>

This meritless case was brought to burden a new and smaller competitor.  OneBy did not use Jot's trademarks or trade dress in any way.  This case must be dismissed.  And, since further amendment would be futile, the dismissal should be without leave to amend and with prejudice.

Dated: June 10, 2021                          MANATT, PHELPS & PHILLIPS, LLP

By:   /s/ *Charles E. Weir*
          Charles E. Weir
          2049 Century Park East, Suite 1700
          Los Angeles, CA 90067
          Telephone:  (310) 312-4000
          Facsimile:  (310) 312-4224
          Cweir@Manatt.com

          Attorneys for Defendant,
          OneBy Coffee, Inc.

400238001.3

20

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01364

JOT LABS, LLC,

                Plaintiff,

v.

ONEBY COFFEE, INC.

                Defendant.

---

**CERTIFICATION REGARDING DEFENDANT ONEBY COFFEE, INC.'S**

**MOTION TO DISMISS JOT LABS, LLC'S COMPLAINT**

---

       I confirm that I have conferred with the opposing counsel in good faith regarding this motion, as required under local rule D.C.COLO.LCivR 7.1(a).

Dated: June 10, 2021                            MANATT, PHELPS & PHILLIPS, LLP

                                      By:  /s/ *Charles E. Weir*
                                           Charles E. Weir
                                           2049 Century Park East, Suite 1700
                                           Los Angeles, CA 90067
                                           Telephone:  (310) 312-4000
                                           Facsimile:  (310) 312-4224
                                           Cweir@Manatt.com

                                           Attorneys for Defendant,
                                           OneBy Coffee, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

James Juo
THOMAS P. HOWARD, LLC
842 W. South Boulder Rd., Suite 100
Louisville, CO  80027
Telephone: (303) 665-9845
Facsimile: (303) 665-9847
Email: JJuo@thowardlaw.com

Sean M. Casey (Bar No. CA 179641)
(Application for Admission Pending)
BUCHALTER, A Professional Corporation
18400 Von Karman Ave., Suite 800
Irvine, CA 92612-0514
Tel.: (949) 224-6456
Fax: (949) 720-0182
SCasey@Buchalter.com

Thomas J. Speiss, III (Bar No. CA 200949)
(Application for Admission Pending)
BUCHALTER, A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, California 90017
Cell: (310) 490-3373
Fax: (213) 630-5836
TSpeiss@Buchalter.com

*Counsel for Plaintiff*

Dated:  June 10, 2021
Los Angeles, California

/s/ Charles E. Weir
Charles E. Weir (Bar No. CA 211091)
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700

Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile:  (310) 312-4224
Email: cweir@manatt.com
*Counsel for Defendant*