IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01364-RM-MEH

JOT LABS, LLC,

    Plaintiff,

v.

ONEBY COFFEE, INC.,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is the parties' emailed request for a discovery conference. Rather than set the matter for a discovery conference, the Court resolves the dispute by this Order.

    Plaintiff is suing Defendant for the alleged violation of its intellectual property. Defendant argues that Plaintiff fails to state plausible claims against it and has moved to dismiss them. ECF 18. Defendant also moves for a protective order and stay of discovery pending resolution of its motion to dismiss. Defendant moves pursuant to Fed. R. Civ. P. 26(c) and D.C.Colo. LCivR 30.2(a) both of which concern motions for protective orders. Defendant seeks a stay of all discovery under the authority of *String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 02-cv-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006). Defendant seeks a "blanket stay" of discovery, but it also mentions Plaintiff's first set of Requests for Production as a pending matter. Defendant says that its deadline to answer them was September 2, 2021.

    Defendant filed its motion to stay on August 31, 2021, before that deadline to produce responsive written discovery. Defendant says it conferred with Plaintiff's counsel about the request (ECF 27-1), but it does not report on the result of that conferral effort. Defendant does not

expressly say that the motion is opposed, but the Court presumes that it is. Plaintiff's response is due on September 21, 2021.

Plaintiff seeks the Court's relief regarding Defendant's failure to answer the outstanding Requests for Production. The parties dispute whether the filing of the Motion for Protective Order and Stay of Discovery (ECF 27) automatically stayed that outstanding discovery matter.

Defendant relies on D.C.Colo. LCivR 30.2(a) which stays the discovery to which a motion for protective order is directed pending resolution of that motion. Plaintiff disagrees with Defendant's position citing *Kerr v. Boulder*, No. 19-cv-01724-KLM, 2020 WL 6383224 (D. Colo. Oct. 30, 2020). In *Kerr*, United States Magistrate Judge Mix explained how such an application of D.C.Colo. LCivR 30.2(a) is too broad. "[T]he Court has consistently interpreted this rule narrowly as concerning only a motion for protective order . . . which is directed at specific discovery requests." Judge Mix furthered that "the Court does not construe Local Rule 30.2(a) as mandating a stay when a motion seeking a blanket stay of discovery is filed." "Any other reading of the Local Rule would permit any party to unilaterally shut down discovery completely for an extended period simply by filing a motion for a blanket stay, whether in good faith or not, which is simply not contemplated by the spirit of the Local Rule." *Id*. at *2.

Although Defendant makes specific reference to Plaintiff's first set of Requests for Production, the substance of the Motion is for a blanket stay. Agreeing with the analysis in *Kerr*, the deadline to answer them was not stayed, and its answers now are overdue.

In light of the above resolution of their dispute, Plaintiff's request for a Discovery Conference is **denied**. Absent an appropriate request for relief, Defendant shall answer Plaintiff's first set of Requests for Production by **September 17, 2021**.

Dated and entered at Denver, Colorado, this 8th day of September, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge