IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01364-RM-MEH

JOT LABS, LLC,

    Plaintiff,

v.

ONEBY COFFEE, INC.,

    Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion for Protective Order and Stay of Discovery (ECF 21) which is fully briefed. Also before the Court is Plaintiff's Unopposed Motion to Modify Scheduling Order (ECF 42). For the reasons that follow, the Motion to Stay is denied, and the Motion to Modify is granted.

**I.     Background**

    Plaintiff describes itself as the creator of "a new product category, namely concentrated-coffee, which it has coined as Ultra Coffee" and as "[t]he industry leader in this new product category" in which it "has spent substantial resources in developing and promoting its Ultra Coffee products." ECF 37 at 1-2. It first sold its product on March 25, 2020, and Defendant began selling its competing product on December 14, 2020. ECF 15 at ¶¶ 3, 5.

    On July 1, 2021, Plaintiff amended its complaint, dropping a prior claim of trademark infringement but reasserting claims of trade dress infringement and unfair competition. ECF 15.

1

Plaintiff asserts "a striking similarity between [its] packaging and labeling, sales pricing structure, and website design" and that of Defendant's. *Id*. at ¶ 38.

Defendant sees no merit to Plaintiff's claims for relief and has moved to dismiss them. Its motion to dismiss (ECF 18) became ripe for review on August 6, 2021. Defendant regards this lawsuit as Plaintiff's attempt to drive it, the smaller of the two companies, out of business. Therefore, it seeks "the most efficient and cost-effective manner possible" to litigate this lawsuit (ECF 41 at 3), by staying discovery until the Court decides its motion to dismiss.

**II.     Discussion**

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990); *see Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion.") (citation omitted). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but Fed. R. Civ. P. 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In addition, a court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).

> A court's determination whether to stay discovery is guided by the five factors of:
>
> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d

1194, 1205 (D. Colo. 2013) (weighing the factors and finding a stay appropriate in that case). This Court applies those factors in turn below.

### (1) Plaintiff's Interests

Plaintiff prefers an expeditious pace, and to some extent, the litigation has proceeded forward. Some discovery already has taken place. On July 23, 2021, Plaintiff sent its first set of Requests for Production to Defendant. This Court ordered Defendant to answer them (ECF 29), which Defendant did (ECF 42 at ¶ 6). The entry of the Joint Stipulated Confidentiality Agreement and Protective Order (ECF 36) facilitated that production. Plaintiff also asks to extend the deadline to join parties and amend the pleadings to January 31, 2021 while it continues to investigate and assess whether to add certain individuals as co-defendants. *Id.* at ¶ 8. Presumably, that area of inquiry assumes that discovery will continue "to unfold" in the meantime. *Id.* at ¶ 12.

Citing *Marks v. Lynch*, No. 16-cv-02106-WYD-MEH, 2017 WL 491190, at *2 (D. Colo. Feb. 6, 2017), Plaintiff expresses concern about "adverse consequences such as a decrease in evidentiary quality and witness availability" that the stay might cause. ECF 37 at 6. Beyond that general concern, Plaintiff articulates no specific discovery concerns. Defendant adds that most information relevant to Plaintiff's claims already is publicly available.

On balance, this factor weighs in Plaintiff's favor. Plaintiff may identify no specific need to pursue discovery at this time (other than to further its assessment of whether to add defendants). However, as a general rule, the Court disfavors discovery stays. *Marks*, 2017 WL 491190 at *2.

### (2) Defendant's Interests

Just as Plaintiff shows no specific need to pursue discovery now, Defendant specifies no *undue* burden that justifies postponing it until later. Discovery always poses a burden on a litigant. Presumably the bulk of discovery has yet to be undertaken in this case, which presents a different situation than in *Capture Eleven Group v. Otter Products, LLC*, No. 20-cv-02251-RM-KLM, 2021

3

WL 1697802, at *2 (D. Colo. Apr. 29, 2021), where the fact that discovery was mostly completed lessened the defendants' concern about undue burden or prejudice from additional discovery. Defendant furthers that Plaintiff will be pursuing an extensive amount of discovery such as three expert witnesses and an anticipated ten witness depositions. Even so, Defendant fails to persuade this Court that the burden is so great as to warrant a stay. This Court is confident, as District Judge Moore emphasized in *Capture Eleven*, that counsel "will work professionally and in good faith" to limit discovery to what is reasonable. *Id*. As for the discovery that will be undertaken, Defendant may be a small company, but the Amended Complaint implies that it is a going business concern and selling its product on the marketplace. That suggests Defendant has some ability to bear the expense. Moreover, if Defendant's position is as strong as it maintains, discovery may benefit it as well, allowing it to develop evidence supportive of its counter-arguments.

Should Defendant prevail on its motion to dismiss—which it anticipates doing—the cost of discovery incurred in the meantime may seem unnecessary. However, the mere fact that a defendant has moved for dismissal under Fed. R. Civ. P. 12(b)(6) for the failure to state a plausible claim for relief does not compel staying discovery. *Capture Eleven*, 2021 WL 1697802 at *2; *Marks*, 2017 WL 491190 at *3. Not at issue are jurisdictional or qualified immunity concerns. Nor is there need for a ruling to clarify the nature of the claims or the viability of the lawsuit, as was present in *Abdulmutallab v. Sessions*, No. 17-cv-02493-RM-KMT, 2018 WL 11225175 (D. Colo. Feb. 8, 2018) and *Hehl-Gomez v. NASA Space Center Shuttle*, No. 08-cv-02152-MSK-MEH, 2008 WL 5216245 (D. Colo. Dec. 10, 2008).

The second factor does not weigh strongly in favor of staying discovery.

**(3)    The Court's Interests**

There are no special circumstances in this case that implicate judicial economy concerns. As noted above, the motion to dismiss raises no issue that should be decided first and before

4

discovery commences. Plaintiff's claims are relatively straight-forwarded, and it already has amended its pleading to refine the lawsuit's scope. Moreover, both sides have the benefit of legal counsel. This factor does not support Defendant's request.

**(4)    Public's Interests**

As noted above, a plaintiff has a general interest in the expeditious resolution of a lawsuit, and similarly, the public has a general interest in a justice system free of delay, *Capture Eleven*, 2021 WL 1697802 at *2. Beyond that, this factor has a neutral effect on whether to grant the request.

**III.    Conclusion**

Obviously, postponing discovery until the Court rules on its motion to dismiss would spare Defendant litigation expense. Whether Defendant will prevail on that motion and in a way that wholly forecloses any further litigation is too speculative a basis upon which to grant the requested stay.

Accordingly, Defendant's Motion for Protective Order and to Stay Discovery Pending Resolution of Motion to Dismiss [filed August 31, 2021; ECF 27] is **denied**. Plaintiff's Unopposed Motion to Modify Scheduling Order [filed November 4, 2021; ECF 42] is **granted**, and the deadline for joinder of parties and amendment of pleadings is **extended** to **January 31, 2022**.

Dated at Denver, Colorado, this 8th day of November, 2021.

                                                    BY THE COURT:

*[signature: Michael E. Hegarty]*

                                                    Michael E. Hegarty
                                                    United States Magistrate Judge